685 A.2d 18

HARRY SKAPERDAS, PLAINTIFF/CROSS–RESPONDENT, AND GEORGE SKAPERDAS, AND BARRY BIRKENHOLTZ, PLAINTIFFS–APPELLANTS, v. DIRECTOR, DIVISION OF TAXATION, DEFENDANT–RESPONDENT/CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 17, 1996—Decided November 22, 1996.

Before Judges BAIME, PAUL G. LEVY and BRAITHWAITE.

*Harold Leib* argued the cause for appellant (*Richard I. Miller*, on the brief).

*Marlene G. Brown* argued the cause for respondent (*Peter Verniero*, Attorney General, attorney for respondent; *Ms. Brown* on the brief).

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

Plaintiffs George Skaperdas and Barry Birkenholz appeal from a judgment of the Tax Court holding them personally liable for the unpaid sales and use taxes of a corporation in which they were officers, directors, and shareholders. The amount of the assessment is $55,696 plus penalty and interest and represents the

amount owed for the period between July 1, 1984, and October 31, 1988. Defendant Division of Taxation (Division) cross-appeals from that portion of the judgment determining that plaintiff Harry Skaperdas was not personally liable for the taxes. We affirm.

We need not set forth the facts giving rise to this litigation as they are set forth in the published opinion of the Tax Court, *Skaperdas v. Director Div. of Taxation,* 14 *N.J. Tax* 103 (Tax 1994), and an unpublished letter opinion dated January 12, 1995. We do note, however, that the findings of fact by Judge Small, J.T.C., in both opinions, are adequately supported by the credible evidence in the record and are therefore binding on appeal. *Rova Farms Resort v. Investors, Ins. Co.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974).

On appeal, plaintiffs contend:

*POINT I*

APPELLANTS ARE NOT PERSONS REQUIRED TO COLLECT TAX PURSUANT TO *N.J.S.A.* 54:32B–2(w) AND, THEREFORE, MAY NOT BE HELD PERSONALLY LIABLE FOR G.B.F.'S UNPAID TAXES PURSUANT TO *N.J.S.A.* 54:32B–14.

*POINT II*

THE DIVISION OF TAXATION VIOLATED APPELLANTS' DUE PROCESS RIGHTS BY NOT PROVIDING AN OPPORTUNITY TO CONTEST THE ASSESSMENT FOR WHICH THE APPELLANTS ARE PERSONALLY LIABLE.

*POINT III*

THE AUDITOR'S ASSESSMENT OF THE APPELLANTS WAS ERRONEOUS BECAUSE THE AUDITOR DID NOT FOLLOW DIVISION OF TAXATION PROCEDURE, DID NOT PROPERLY VERIFY TAXPAYER RECORDS TO TAX RETURNS AND FAILED TO DO A COMPLETE AUDIT.

*POINT IV*

THE ASSESSMENT MADE PURSUANT TO *N.J.S.A.* 54:32B–2(w) IS INVALID BECAUSE THERE ARE NO RULES OR REGULATIONS THAT CONSTRUE THE MEANING OF THE STATUTE.

*POINT V*

*N.J.S.A.* 54:32B–2(w) IS UNCONSTITUTIONAL BECAUSE IT VIOLATES THE DUE PROCESS CLAUSE UNDER THE DOCTRINE OF VAGUENESS.

On cross-appeal, the Division contends that the trial court erred in finding that plaintiff Harry Skaperdas was not a responsible

officer of the corporation and therefore not personally liable for the unpaid sales and use taxes.

. ■ We have carefully reviewed the record and, in light of applicable law, we conclude that both plaintiffs' and defendant's contentions are clearly without merit, and we perceive no basis to modify or otherwise interfere with the judgment. *R.* 2:11–3(e)(1)(A).

We add the following comments. Although the Tax Court in holding plaintiffs personally liable considered and applied the factors set forth in *Cooperstein v. Division of Taxation,* 13 *N.J.Tax* 68 (Tax 1993), *aff'd,* 14 *N.J. Tax* 192 (App.Div.1994), we need not, nor do we, decide if those factors have retroactive application since we are satisfied from the evidence presented that plaintiffs had a duty to act wholly apart from the factors enunciated in *Cooperstein.* Here, where plaintiffs were officers, directors and shareholders who supervised the store manager and were intimately involved in the day to day operations of the corporation, we can find no basis to conclude that personal liability does not apply to them. Under these circumstances, plaintiffs had "a duty to act" for the corporation. *N.J.S.A.* 54:32B–2(w).

With this caveat, we affirm substantially for the reasons expressed by Judge Small in his comprehensive published opinion of May 27, 1994 and his letter opinion of January 12, 1995.